UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN GANT, #233652,

                         Petitioner,                     Case No. 15-cv-11317

v.                                          Honorable Thomas L. Ludington

KENNETH ROMANOWSKI,

                         Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH
PREJUDICE, DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Brian Gant, a state parolee, has filed a *pro se* habeas corpus petition under 28

U.S.C. § 2254. Petitioner pleaded guilty in Wayne County, Michigan to delivery of less than 50

grams of cocaine and ultimately was sentenced to imprisonment for one to twenty years. The

sentence initially was ordered to run concurrently with Petitioner's sentence for an armed

robbery in another case. But a later judge, presiding over a parole violation by Petitioner,

subsequently amended the sentence to run consecutively to Petitioner's sentence for an unrelated

armed robbery. Petitioner seeks habeas relief on the basis that his sentence was improperly

amended. The State has moved to dismiss the habeas petition on grounds that Petitioner has

absconded from parole, that his habeas petition is time-barred, and that Petitioner did not exhaust

state remedies for his claims. Because Petitioner is not entitled to relief, the State's motion to

dismiss will be granted and the habeas petition will be dismissed with prejudice.

**I.**

On October 28, 1992, Petitioner pleaded guilty to delivery of less than fifty grams of cocaine. *See* Mich. Comp. Laws § 333.7401(2)(a). On November 18, 1992, Judge Harvey F. Tennen of the former Recorder's Court for the City of Detroit, Michigan sentenced Petitioner to probation. On May 26, 1993, Petitioner pleaded guilty to violating the terms of probation, and on June 30, 1993, Judge Tennen once again sentenced Petitioner to probation. On September 14, 1993, Petitioner pleaded guilty to violating probation a second time, and on October 14, 1993, Recorder's Court Judge Robert L. Evans sentenced Petitioner to imprisonment for one to twenty years. Judge Evans ordered the sentence to run concurrently with Petitioner's sentence for armed robbery in an unrelated case. Petitioner did not appeal his conviction or sentence.

Years later, on August 10, 2011, Wayne County Circuit Judge David A. Groner entered an amended judgment of sentence in Petitioner's case.[1] The amended judgment imposed the same sentence of one to twenty years in prison, but it stated that the sentence would run consecutively, not concurrently, to Petitioner's sentence in the unrelated armed robbery case.

Petitioner did not appeal the amended judgment of sentence, and, on August 31, 2011, he was released on parole. In 2012, Petitioner violated the conditions of parole by engaging in assaultive, abusive, or threatening conduct, and it appears that he was subsequently sent back to prison. On or about June 19, 2013, Petitioner filed, or attempted to file, a motion to vacate his amended sentence. He claims that he has received no response to his motion.

Finally, on April 8, 2015, Petitioner filed his habeas corpus petition. His grounds for relief and supporting facts read as follows:

> I.     Deliberate indifference. Frank Murphy Hall of Justice never responded.

---

[1]     The Wayne County Circuit Court succeeded the former Recorder's Court. *See* Court Reorganization and Selection of Judges (April 1, 1998), http://www.michiganinbrief.org/edition06/text/issues/issue-17.htm (explaining elimination of Recorder's Court).

> I never was provided a copy of any alleged court order to amend my sentence. The matter not having been to the court by either the People or the defendant, as it is required by court rule, the consideration of the question was improperly done.
>
> II. Denied Department of Corrections Step One, Two, and Three Grievance Identifier #RGC-12-06-0843-10A.
>
> That the sentence was ordered to run concurrent to the sentence in case number 93-009759 said sentence having been levied by the Honorable Robert L. Evans in an unrelated matter two days prior.
>
> III. He was represented in this matter at bar by attorney David Groner P-37921 who is now successor Judge of this Honorable Court.
>
> IV. The MDOC having once previously paroled the defendant on the charge, the matter should have been [undecipherable].
>
> He was sentenced in this Honorable Court by predecessor Judge Harvey F. Tennen in the instant matter to a term of commitment to the MDOC of between one (1) year and twenty (20) years on the fourteenth day of the month of October in the year 1993 Michigan Department of Corrections (MDOC).

Pet'n for Writ of Habeas Corpus, ECF No. 1.

The State argues in its pending motion that the Court should dismiss the habeas petition because Petitioner absconded from parole on August 3, 2015. The State also argues that the habeas petition is barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that Petitioner did not exhaust state remedies for any of his claims, as required by 28 U.S.C. § 2254(b)(1).

There is no readily identifiable evidence that Petitioner absconded from parole.[2] And even though Petitioner concedes that he did not appeal his judgment of conviction, *see* Pet. for Writ of Habeas Corpus, pages 2 and 5, the exhaustion rule is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). Further, the statute of limitations is not a

---

[2] Records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner was paroled on December 11, 2014. Nothing on the website indicates that Petitioner absconded from parole. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=233652.

jurisdictional defense. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Thus, the merits of Petitioner's claims will be addressed.

## II.

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, there is no state-court decision on the merits of Petitioner's claims. Consequently, AEDPA deference does not apply and this Court must review Petitioner's claims *de novo*. *Scott v. Houk*, 760 F.3d 497, 504 (6th Cir. 2014) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)), *cert. denied*, 135 S. Ct. 1552 (2015). The Court considers whether Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).

## III.

## A.

Petitioner's first claim, when read in conjunction with Petitioner's state-court motion to vacate the judgment of sentence, appears to allege that the amended judgment of sentence was improperly entered because neither Petitioner nor the prosecutor asked to have the judgment of sentence amended. Instead, according to Petitioner, the Michigan Department of Corrections asked the state trial court to amend the sentence, and he was not promptly informed of the request. Petitioner claims that this procedure violated Michigan Court Rule 6.429(A), which states that "[a] motion to correct an invalid sentence may be filed by either party."

In his second claim, Petitioner appears to challenge the denial of a grievance that he submitted to state correctional officials on the issue of his amended sentence. He notes that the Michigan Department of Corrections denied his grievance at all three steps of the grievance procedure. In his fourth claim, Petitioner alleges that, since he was released on parole once before, the sentencing issue should have been discovered and brought to the parties' attention at that time. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Consequently, the alleged violations of state law and state procedures are not grounds for habeas relief.

Petitioner, however, has not stated how the alleged failures to follow state law negatively impacted him. In fact, he was released on parole three weeks after the amended judgment of sentence was issued. Therefore, even if the Court were to construe Petitioner's claim to allege a violation of his constitutional right to due process, he has not shown any prejudice from the claimed errors. Habeas relief is not warranted on claims one, two, and four.

**B.**

In his third claim, Petitioner alleges that the state circuit court judge who amended his sentence (Judge Groner) was his defense attorney in the cocaine case. Petitioner implies that Judge Groner should have disqualified himself when state officials asked him to amend Petitioner's judgment of sentence. Petitioner further alleges that, by failing to recuse himself, Judge Groner violated the Michigan Court Rules and the Michigan Code of Judicial Conduct.

Once again, Petitioner merely alleges a violation of state law. Even if the Court construed Petitioner's claim to allege judicial bias, the Court finds for the following reasons that Petitioner's claim fails.

**1.**

"Judicial bias is a deep-seated favoritism or antagonism that makes fair judgment impossible." *Coley v. Bagley*, 706 F.3d 741, 750 (6th Cir.), *cert. denied*, 134 S. Ct. 513 (2013) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66, 91 S. Ct. 499 (1971)). Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Petitioner was entitled to a judge "with no actual bias against [him] or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-905 (1997). But courts ordinarily "presume that public officials have 'properly discharged their official duties.' " *Id*. at 909 (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *United States v. Chemical Foundation, Inc*., 272 U.S. 1, 14-15 (1926)). To prevail on a claim of judicial bias, a habeas petitioner must show "there was bias, or such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964).

**2.**

Petitioner has not demonstrated that Judge Groner was actually biased against him or unable to balance the court's interests with Petitioner's interests. Judge Groner may have remembered Petitioner from his days as a defense attorney, but Petitioner has not alleged any reason why Judge Groner may have disliked him or harbored any ill feelings against him. Further, a judge is not recusable for bias or prejudice as a result of what the judge learned in the course of earlier proceedings. *Liteky v. United States*, 510 U.S. 540, 551 (1994). And there is no basis for concluding that Judge Groner based his sentencing decision on anything other than the law as it applied to Petitioner. Petitioner's third claim does not warrant relief.

**IV.**

Petitioner has not demonstrated that he is in custody in violation of federal law. His petition for a writ of habeas corpus will be denied and dismissed with prejudice. Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Gant has not made a substantial showing of the denial of a constitutional right he is not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will grant Petitioner leave to proceed *in forma pauperis* on appeal because he was granted *in forma pauperis status* in this Court.

## V.

Accordingly, it is **ORDERED** that Respondent's motion to dismiss, ECF No. 8, is **GRANTED**.

It is further Ordered that Petitioner Brian Gant's petition for writ of habeas corpus, ECF No. 1, is **DENIED and DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **GRANTED.**

Dated: January 11, 2016                         s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager